MERCEDES DÍAZ ET AL., Plaintiffs and Appellants, *v.* TOMÁS MORALES, Defendant and Appellee.

No. 4496. Argued May 23, 1928.—Decided January 30, 1929.

66

*González Fagundo & González Jr.* for the appellants.  *José C. Rivera* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Mercedes and Severiana Díaz brought an action of unlawful detainer in the District Court of Humacao against Tomás Morales. They alleged that they were the owners of a property of four acres in the ward of Quebrada Adentro of San Lorenzo bounded on the north by land of Felícita Gómez, on the south, separated by a brook, by the estate of Vila, on the east by property of Angel Buenomo and on the west by that of Pablo Calderón, and that without title or right the defendant was in precarious possession of the said property and refused to surrender it to the plaintiffs.

In his answer the defendant denied "generally and specifically each and all of the essential averments of the complaint" and further pleaded as "new matter constituting opposition and defense" that the plaintiffs had prosecuted against Pedro Juan Gómez and another in the same district court an injunction proceeding to retain possession of the said property of four acres and recovered a judgment based on an opinion wherein the trial judge said: "It appears from the evidence, as alleged in the answer, that the property of four acres described in the complaint forms a part of the property of six acres described in the answer." That in order to obtain payment of the costs the said plaintiffs attached "as the property of Pedro Juan Gómez the property of six acres, which included the four acres," described as a property of six acres in the ward of Quebrada of San Lorenzo bounded on the north and east by land of Angel

Buenomo, on the south by the estate of Vila and on the west by property of Pedro Calderón, the said plaintiffs being impeded therefore from pleading that the said property belongs to them in whole or in part; that the attached property was sold publicly to Gumersindo Viera who authorized the defendant to continue in possession thereof in his name, the possession of the defendant being therefore lawful and not precarious.

At the beginning of the trial the plaintiffs moved for judgment on the pleadings. The court reserved ruling on the motion until after hearing the evidence and then overruled the motion and dismissed the complaint on the ground that it was a case which could not be decided within the summary proceeding of unlawful detainer. From that judgment the plaintiffs raised this appeal.

The first assignment is that the court erred in refusing to render judgment on the pleadings.

In advocating that assignment they begin by criticising the custom assumed to be followed by the district courts and actually adopted in this case of deferring the determination of such questions as this until after the evidence shall have been heard. It is better practice indeed to solve the problem without hearing the evidence. Everything is before the court by virtue of the pleadings and the case can be determined finally without detriment to justice, in a more simple way and with a saving of the time of the parties and of the court.

In their argument on the assignment the appellants maintain that the defendant should not plead in his answer, as he did, a general and specific denial of each and all of the essential averments of the complaint and, after raising some impertinent questions, admit, as he did, that the plaintiffs were in possession of the property of four acres and that the defendant was occupying the same. The appellants cite in support of their contention the case of *Somonte v. Mimoso*, 27 P.R.R. 368.

It can not be denied that the decision in *Somonte v.*

*Mimoso, supra,* has some relation to the present case, but in our opinion it is not wholly applicable.

The *Somonte Case* was for an injunction to recover possession. Therefore, possession was the only question involved and the answer was worded so evasively that no other conclusion could be reached than that it admitted the averments of the complaint.

The instant case is an action of unlawful detainer. The complaint is based on defendant's precarious occupancy of the property. The defendant denies that averment in his answer and then, as new matter, contends that the property referred to in the complaint forms a part of a larger property which was acquired by another person at a public sale, the defendant being in possession in the name of that other person.

In our opinion there is no contradiction. Possession may be held in various ways. As was done in this case, precarious possession may be denied and at the same time possession may be alleged in the name of the owner, a person other than the plaintiffs.

Such being the case, we do not see that the court committed the error attributed to it by the appellants.

Assignments 2, 3 and 4 refer to errors said to have been committed by the court in admitting in evidence the opinion of the same court in case No. 10073 brought by Mercedes and Severiana Díaz against Pedro Juan Gómez and another for an injunction, the order of possession issued by the clerk in that case and the report of the public sale which followed.

The plaintiffs, asserting always that they maintained the position adopted by them in moving for judgment on the pleadings, opposed the admission of the said documents. They objected to the opinion because it was not the judgment. They opposed the order because it was void inasmuch as the court could not direct an order of possession in an action in which the foreclosure of a mortgage was not involved. They opposed the report of the public sale because the plaintiffs'

title to the four acres could not be destroyed by that means, nor could a question of confused boundaries be raised in this action of unlawful detainer.

The opinion as well as the order and the report were parts, as has been said, of the record of suit No. 10073 prosecuted in the same District Court of Humacao.

When the defendant introduced the said documents in evidence the plaintiffs had already introduced in evidence a certified copy of the order of the court approving the dominion title proceeding brought by Mercedes Díaz and others which was found in said suit No. 10073, three tax receipts which formed a part of the same record and the judgment in the suit.

That being so, we do not see that the district court committed error by admitting in evidence the opinion which was the basis of the judgment and two additional documents which related to the facts alleged by the defendant in his answer. The admission of a document is one thing and the probatory value to be recognized or given to it in deciding the case is another.

The fifth assignment of error reads as follows: ''The judgment is contrary to the evidence and the court committed error in weighing the evidence.''

It seems proper to transcribe the following paragraphs from the opinion on which the judgment appealed from is based:

''Going into the merits of this question and from an examination of the evidence introduced by the defendant it appears that there has existed for some time a controversy as to whether the property described as containing four acres is included within another of six acres which formerly belonged to Pedro Juan Gómez and now by virtue of the public sale belongs to Gumersindo Viera.

''We do not intend to go into a discussion of the legal force to be given in the present case to the statements made by the judge in his opinion in the foregoing injunction proceeding, but in any case it establishes a strong presumption in favor of the rights at issue here

and at the same time raises clearly and plainly the question of a real conflict of titles between the parties to the present suit.

"It is the constant doctrine of our Supreme Court that when the allegations of a defendant are supported by some evidence, there being a rule of evidence which indicates that his possession is not precarious but as owner, a conflict is raised which must be decided within the broad scope of an ordinary action and not within the narrow limits of a summary proceeding of unlawful detainer. Torres et al. v. Pérez, 18 P.R.R. 557; Gandia v. Caban, 22 P.R.R. 773; Casanovas & Co. v. Ramírez, 25 P.R.R. 581; Nazario v. Almodovar et al., 26 P.R.R. 291; Heirs of Colon v. Colon et al., 27 P.R.R. 81; Fajardo Sugar Co. v. Torres, 27 P.R.R. 337; Andino v. Canales, 27 P.R.R. 262, and Rosado et al. v. Delgado, 28 P.R.R. 91."

The appellants contend that as they exhibited a recorded title to the four acres and a judgment which upheld their right to the possession (injunction case No. 10073), they do not understand how the judge could have rendered the judgment appealed from.

Therefore, the plaintiffs themselves invoke in their favor the judgment in the injunction proceeding and the fact can not be overlooked that that judgment is based on an opinion wherein although the possessory right of the plaintiffs is recognized it is stated that the evidence showed that the property of four acres formed a part of the property of six acres.

A comparison of the descriptions of the two properties shows that they are in the same municipality, in the same ward, and that three of their boundaries are identical.

The oral evidence of the plaintiffs consisted of the testimony of Gregorio Alamo and of Mercedes Díaz, one of the plaintiffs. Both witnesses fell into contradictions in describing the property of four acres and both said that the defendant had been placed by the plaintiffs in charge of the property.

In his testimony the defendant denied that statement and stated that he had been put in charge of the property first by its former owner, the defendant in the injunction proceed-

ing, Pedro Juan Gómez, and then by Gumersindo Viera, its present owner. He said that he did not even know the plaintiffs. The other witness for the defendant was his attorney, J. C. Rivera. He said that in the name of his client, Pedro Juan Gómez, he brought an action of unlawful detainer against Gregorio Alamo and at the first appearance the defendant offered in evidence the record of a dominion title proceeding in the name of Mercedes and Severiana Díaz related to suit No. 10073, and he offered another record in the name of Gómez recorded in the registry before that of Díaz. He then attempted to refer to what the district judge said to him, could not testify and ended by saying that there being a conflict of title, he abandoned the unlawful detainer proceeding. That then the plaintiffs initiated the injunction proceeding to retain the possession which they won against Gómez with the costs. The plaintiffs objected to his proceeding with the testimony "because that is rather a statement of the facts as they appear from the record and that could not be introduced here as oral evidence." An incident arose and the witness did not proceed. He ended by stating that defendant Tomás Morales was placed in charge of the property first by Gómez and then by Viera.

That being so, in our judgment no error was committed by the court in weighing the evidence. The court did not hold that the plaintiffs were not the owners of the property of four acres, or that the said property was within the property of six acres, but that there was a conflict of titles which should not be decided within the summary proceeding of unlawful detainer. That the conflict exists is apparent.

The judgment appealed from must be affirmed.